HENRY J. GORDON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 13838.   Promulgated July 6, 1928.

*J. Philip Dippel, Esq.*, for the petitioner.
*J. L. Backstrom, Esq.*, for the respondent.

OPINION.

MORRIS: Section 214 of the Revenue Act of 1921 provides, among other things, that an individual shall be allowed deductions in the

computation of net income for "losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in trade or business"; and also "losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in any transaction entered into for profit, though not connected with the trade or business."

As to the deductibility of the amount of the loss sustained in the computation of his net income for 1923, the petitioner urges *Tindle* v. *Heiner*, 18 Fed. (2d) 452, and *Heiner* v. *Tindle*, 276 U. S. 582. While the question raised in that case is with respect to the deductibility of a loss sustained in the sale of alleged residential property, the facts there are so utterly different from those in the instant case that we do not regard it as dispositive of the issue here in determining whether this petitioner is entitled to the deduction claimed. There the dwelling house was erected at some time prior to 1892 and it was occupied as a residence until 1901, in which year it was leased by the taxpayer at a stipulated rental until 1920, when it was sold at a loss and a deduction claimed in the computation of net taxable income. The Commissioner disallowed the deduction, and assessed an additional tax against the taxpayer, which was paid under protest, and suit was brought in the district court for recovery of the amount so paid. That court rendered a judgment for the collector of internal revenue which was reversed by the Circuit Court of Appeals for the Third Circuit. On certiorari the Supreme Court of the United States sustained that court in the allowance of the deduction but reversed the decision and remanded the case so that the value of the property as of 1901 could be found. The basis for the decision rendered there was that when the property was abandoned for residential purposes in 1901 and leased at a stipulated rental "all sentimental connection in the use of the house as a home ended, and thereafter the use of the property was by others under lease * * *."

The instant case is distinguishable from *Heiner* v. *Tindle, supra*, in one very vital particular in the petitioner's favor, namely, that the residence and the land upon which it was situated were at the outset intended to be sold at a profit, and by another vitally distinguishing factor which in our opinion mitigates against the petitioner's cause, namely, that he moved into the house shortly after its completion and continued to reside there for over 16 years.

While the use of a residential property as a home for such a lengthy period of time raises a strong presumption that it was constructed, not with a view to selling it at a profit, but for a permanent place of abode, and without more, would completely defeat the petitioner's cause, it is not, by any means, a conclusive presumption, and therefore may be rebutted by showing that the motivating influence which

impelled the construction was the hope and expectation of an immediate sale at a profit.

The statute permits an individual to deduct such losses as are sustained during a taxable year which are not compensated for by insurance, even though they are not connected with his trade or business, "if incurred in any transaction entered into for profit." Therefore, the test of deductibility is whether a taxpayer entered into the transaction for profit and the question of occupying the premises as a residence is only one of the evidential factors to be considered in satisfying that test.

A review of the cases bearing upon this question reveals to us that where a taxpayer acquires property with the intention of selling it at a profit, even though he may have resided thereon, if the predominating factor in its selection was the prospect of future profits, he is entitled to any loss sustained upon the sale thereof. See *Helen Converse Thorpe*, 3 B. T. A. 1006; *Henry DeFord*, 7 B. T. A. 630; *Sidney W. Sinsheimer*, 7 B. T. A. 1099; *Walter J. Ball, et al., Executors*, 8 B. T. A. 180; and *John N. Hughes*, 8 B. T. A. 206.

The factors which convince us that the petitioner's occupancy of this residence for over 16 years was merely by force of circumstances rather than choice are that he was himself a real estate agent and engaged in the purchase, sale and development of residential property in that vicinity; that his personal wealth was not sufficient to justify the maintenance of such an expensive home; that prior to erection of this residence on Bellevue Avenue he lived in a modest five room flat above his drug store; that the lots themselves upon which the house was built were originally acquired for resale and were at all times offered to the public for sale; that at the time of the construction of the building, the petitioner had no intention of moving thereto upon its completion; that all during the period of construction and for the many years thereafter during his occupancy every effort was made to sell at a profit; that due possibly to the fact that the building was elaborately erected in a settlement of much less desirable homes it was made more difficult to sell than had it been erected among more costly homes. From these factors, together with the undisputed testimony of the petitioner that the building was constructed for the purpose of resale at a profit and that he never intended it as a home, and the testimony of men who were aiding in the attempt to dispose of the property for the petitioner, we are forced to the conclusion that this was a transaction entered into for profit within the meaning of section 214, *supra*, and that the respondent erred in holding that any loss sustained from the sale in 1923 was not deductible.

*Judgment will be entered for the petitioner under Rule 50.*