W. W. HOLLOWAY, ADMINISTRATOR, ESTATE OF ANDREW GLASS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 28361.   Promulgated March 24, 1930.

*William Ristig, Esq.,* for the petitioner.
*C. H. Curl, Esq.,* for the respondent.

## OPINION.

SEAWELL: Section 214 of the Revenue Act of 1921 provides, among other things, that an individual shall be allowed deductions in the computation of net income for "losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in any transaction entered into for profit, though not connected with the trade or business."

As to the deductibility of the amount of the loss sustained in the computation of his net income for 1922, the petitioner cites and relies on several cases decided by the Board.

The facts and circumstances in the instant case are such that there is no necessity for a discussion of the same in much detail.

The seeming inconsistency or conflict between the testimony of the only witness in the case and her affidavit touching the reasons for and conditions under which the purchase of the Wheeling residence was made is not, in our opinion, very material or important, in the light of her full and positive testimony at the hearing, in which she makes it plain and clear that the predominating idea in her husband making the purchase of the Wheeling residence was a transaction entered into for profit and not with a view of a permanent home or residence.

She was present when the inducement, gain or profit, in the purchase and subsequent sale of the residence was presented to her husband by the real estate broker and knew whereof she testified.

In our opinion the evidence brings the case within the rule laid down in *Henry J. Gordon*, 12 B. T. A. 1191, 1194, wherein we said:

A review of the cases bearing upon this question reveals to us that where a taxpayer acquires property with the intention of selling it at a profit, even though he may have resided thereon, if the predominating factor in its selection was the prospect of future profits, he is entitled to any loss sustained upon the sale thereof. See *Helen Converse Thorpe*, 3 B. T. A. 1006; *Henry DeFord*, 7 B. T. A. 630; *Sidney W. Sinsheimer*, 7 B. T. A. 1099; *Walter J. Ball et al., Executors*, 8 B. T. A. 180; and *John N. Hughes*, 8 B. T. A. 206.

It is agreed that the property in question cost $22,500 and was sold for $15,264.66, indicating a loss of $7,235.34. Such amount should be adjusted for depreciation sustained.

*Judgment will be entered under Rule 50.*