TOM MAY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 22528.  Promulgated October 9, 1930.

*Dan J. Chapin, Esq.,* for the petitioner.
*C. H. Curl, Esq.,* for the respondent.

## OPINION.

SEAWELL: If the petitioner is entitled to a deduction because of the alleged loss sustained in the sale of his residence in the taxable year, it must be allowable under section 214 of the Revenue Act of 1921, which provides in part as follows:

SEC. 214. (a) That in computing net income there shall be allowed as deductions:

\*      \*      \*      \*      \*      \*      \*

(5) Losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in any transaction entered into for profit, though not connected with the trade or business;   \*   \*   \*

Whether the acquisitions of petitioner's lot and residence by gifts from his father in 1912 and 1913 were transactions entered into for profit within the meaning of the statute quoted is the question for our determination. The property cost the petitioner nothing. He desired what his father gave him should be cash, but the evidence shows the father refused to make such a gift because he feared it might be lost in speculation and he wished his son to have a home and preferred his son's home should be near his own, and with the intent and for the purpose indicated the lot was purchased and the residence erected and both paid for by the father.

The fact that both father and son thought the location of the home in a restricted and desirable residential section might result in a profit whenever the same should be sold does not, in our opinion, in the circumstances of this case, indicate that the investment in such home was a transaction entered into for profit in the sense of the statute. The idea of a home for the son was the predominating idea when the gifts were made:

The petitioner cites a number of cases decided by this Board as sustaining his contention. We do not deem it necessary, however, to discuss in detail all the cases relied on by the petitioner. It is evident from the record in the instant case that the predominating idea in the transactions between the father and son, whereby the latter acquired his home, was that the son might have a home near the father. The facts that the father would not give his son cash instead of the home and that the son accepted the home in the circumstances detailed in the evidence show that a valuable home for the son and not a sale of the same for profit was the predominating idea in the transaction between father and son whereby the latter acquired his home. The facts in the instant case are quite different from those in *Henry J. Gordon*, 12 B. T. A. 1191; *Minnie L. Campe*, 17 B. T. A. 575; and *W. W. Holloway, Administrator*, 19 B. T. A. 378, relied on by the petitioner. In those cases the predominating idea at the time of the acquisition of the property was a sale for profit.

In the instant case, the petitioner never leased or rented his residence with a view to making it income-producing property, but continued to occupy it as a residence until the latter part of 1922, when he moved to Los Angeles, Calif. It was sold in June, 1923.

We are of the opinion that the facts and circumstances of this case are not such as to entitle the petitioner to a deductible loss as claimed, the transactions by which he acquired his home not having been entered into for profit. Our decision herein is controlled by *Henry DeFord*, 7 B. T. A. 630, affirmed by the Circuit Court of Appeals for the First Circuit, 29 Fed. (2d) 582, and *Richard Loper Austin*, 17 B. T. A. 801.

*Judgment will be entered for the respondent.*