W. H. MOSES, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 39254.   Promulgated November 6, 1930.

*D. N. Burnham, C. P. A.*, for the petitioner.
*Hartford Allen, Esq.*, and *T. G. Histon, Esq.*, for the respondent.

OPINION.

MURDOCK: The petitioner in this case has attempted to support his claim for a deduction, under section 214(a)(5) of the Revenue Act of 1924, representing a loss sustained during the taxable year in a transaction entered into for profit. He has not made clear just how much of a loss he claims to have sustained, just how it should be computed, or when the alleged transaction for profit was entered into. If his claim is that he originally purchased the lot and built the house as a transaction entered into for profit, it is not supported by the evidence. Cf. *Henry J. Gordon*, 12 B. T. A. 1191; *Herbert L. May*, 19 B. T. A. 229. It is probably true that when the petitioner acquired the lot and built the house, he hoped or expected to make a profit when and if he should sell it. Almost everyone who acquires a home has such a hope and expectation, but still such transactions are not the kind contemplated by the above mentioned section. In the meantime, he intended to occupy it as a home and he or his family did occupy it as a home for many years until the family was separated. The property was rented for several years, but thereafter it was again occupied by the petitioner's family for a number of years, and he does not claim that this renting initiated the transaction for profit from which the loss resulted. After some time in 1923 or 1924 the house was no longer occupied by any member of the petitioner's family. Some of the furnishings were moved out, others which had been especially selected for the house and for which it would be difficult to find use elsewhere, were left in the house. Thereafter, it was never rented by the petitioner but was sold in 1925. In *Joseph F. Cullman, Jr.*, 16 B. T. A. 991, we said:

The use of property to produce revenue is there [*Heiner* v. *Tindle*, 276 U. S. 582] characterized as a transaction entered into for profit. Until there was some appropriation of the property to rental purposes, it still maintained its character as a residence, rather than a business property.

In the present case there was no appropriation of the property to rental purposes between the time the petitioner finally moved out

of the house and the time when it was sold. We do not know that he even offered the property for rent during this period. Cf. *Larkin* v. *Gage*, 28 Fed. (2d) 78.

Thus, the petitioner has failed to show that the loss was incurred in a transaction entered into for profit. Indeed, although it is unnecessary to do so, the case might be stated more strongly against the petitioner because the evidence indicates that the loss resulted not from a transaction entered into for profit, but from the fact that the petitioner expended considerable money on a house to suit his own purposes and convenience, and after living in the house until he no longer had any use for it, found that he was unable to sell it for what he had invested in it. The revenue act allows him no deduction to offset the amount which he paid for this purpose.

If, however, the petitioner had shown that he had entered into a transaction for profit, we would still be unable to determine the amount of his loss. The basis for the loss would have to be adjusted for any expenditure properly chargeable to capital account, and for any item of loss, exhaustion, wear and tear, obsolescence, amortization, or depletion, previously allowed with respect to such property. The petitioner has failed to furnish us facts from which these adjustments could be properly made. He contends that under section 204 (b) the basis for determining the loss should be the cost or fair market value of the property as of March 1, 1913, whichever is greater, since he acquired the property before March 1, 1913. *Heiner* v. *Tindle, supra,* was decided under a different revenue act, which allowed a loss based on the lower of these two values, and in that case it was held that the value of the property at the time it was converted to profitable purposes was important in determining the amount of the loss. If other obstacles were removed in this case we would still have to decide whether or not the precise language of section 204 (b) would apply in this case, or whether the basis for the petitioner's loss would be the value of the property at the time that the alleged transaction for profit was entered into.

*Judgment will be entered for the respondent.*