Frances G. Smith, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 42230.   Promulgated July 14, 1931.

*Albert S. Lisenby, Esq.*, for the petitioner.
*L. W. Creason, Esq.*, for the respondent.

### OPINION.

TRAMMELL: The petitioner deducted from gross income in her return for 1926 the amount of $40,017.05, which was claimed a loss sustained on the sale of property formerly occupied by her as a residence. The petitioner acquired this property by devise under the will of her husband, who died in 1904, and it was thereafter continuously used by her for residential purposes until 1924. After June, 1924, the property was no longer used by the petitioner as a residence, nor did she thereafter intend so to use it, nor was it leased or rented by her to anyone else. Abandoning the property as a residence, petitioner resolved to sell it, and to that end placed it in the hands of a real estate agent. It was sold at a loss in May, 1926.

The Revenue Act of 1926, in section 214 (a) (5), provides that in computing the net income of individuals there shall be allowed as deductions "losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in any transaction entered into for profit, though not connected with the trade or business." The question here is whether the loss claimed as a deduction was incurred in a transaction "entered into for profit."

In *Heiner* v. *Tindle*, 276 U. S. 582, the owner of a house originally bought as a residence in 1892, abandoned its use for that purpose in 1901 and leased the property at a stipulated rental, which continued for approximately 19 years until sold in 1920. The court held that

the *leasing* of the house constituted a transaction entered into for profit, saying:

But the words "any transaction" as used in subsection (a) (5) are not a technical phrase, or one of art. They must therefore be taken in their usual sense, and, so taken, they are, we think, broad enough to embrace at least any action or business operation, such as that with which we are not concerned, by which property previously acquired is devoted exclusively to the production of taxable income.

Here, a wholly different situation is presented. When the petitioner abandoned her property as a residence, she did not devote it exclusively or even partially to the production of taxable income, nor to any business use, nor place it on the market for such purpose. She ceased to use it as a residence for the reason that she considered the neighborhood in which it was situated had become undesirable as a residential section, and so she decided to sell it, not rent it and thus convert it to business property. This does not present a case of conversion of property acquired as a residence into business property before its sale. In these circumstances, the loss resulting from its sale in 1926 is not a business loss or one incurred in a transaction entered into for profit, within the purview of the above quoted provisions of the statute. *Joseph F. Cullman, Jr.*, 16 B. T. A. 991; *Richard Loper Austin*, 17 B. T. A. 801; *Herbert L. May*, 19 B. T. A. 229; *W. H. Moses*, 21 B. T. A. 226; *William H. Upmeyer*, 22 B. T. A. 971; *DeFord* v. *Commissioner*, 29 Fed. (2d) 532, affirming 7 B. T. A. 630.

The action of the respondent is approved.

*Judgment will be entered for the respondent.*