D. A. Belden, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 73173.   Promulgated May 1, 1934.

*H. B. McCawley, Esq.*, for the petitioner.
*B. M. Coon, Esq.*, and *Bernard D. Daniels, Esq.*, for the repondent.

602

OPINION.

Smith: The petitioner claims the deduction of a loss on the sale of the real estate under section 23 (e)(2) of the Revenue Act of 1928 as a loss resulting from a transaction entered into for profit.

Where a taxpayer acquires property with the intention of selling it at a profit, and where the purpose of making a profit is the predominating motive, even though he may have used the property as a residence, he is entitled to any loss sustained upon the sale thereof. *Helen Converse Thorpe*, 3 B.T.A. 1006; *Henry J. Gordon*, 12 B.T.A. 1191; *W. W. Holloway*, 19 B.T.A. 378; *Marjorie G. Randall*, 27 B.T.A. 475.

In his testimony the petitioner gave as his reasons for purchasing the property that he and his wife were " wanting to get out into the country;" and that " I was born in the corn fields of Illinois, and I wanted to get my feet on some ground of my own, again." He further testified that he knew that his residence in Boston was only temporary and that he had no desire to acquire a permanent residence there; that he thought, and was advised by the real estate agents who sold him the property, that he would be able to dispose of it at a profit; that it was his idea to sell off some of the property

for summer homes; and that he had continuously made efforts to interest his neighbors and friends in developing the property, but had been unable to do so. The petitioner's wife testified that she understood that their residence on the property in question was to be temporary in the sense that it would last only as long as the petitioner's work kept him in that vicinity.

In our opinion the evidence does not overcome the presumption of correctness of the respondent's determination that the property was acquired by the petitioner primarily for residential purposes and not for the purpose of resale at a profit. See *Henry DeFord*, 7 B.T.A. 630; affd. 29 Fed. (2d) 532; *Tom May*, 20 B.T.A. 1211; *W. H. Moses*, 21 B.T.A. 226; *William H. Upmeyer*, 22 B.T.A. 971; *Frances G. Smith*, 23 B.T.A. 1134; *Marjorie G. Randall, supra.* The property was never converted into business property or used for income-producing purposes. Cf. *Heiner* v. *Tindle*, 276 U.S. 582; *W. B. Brooks*, 12 B.T.A. 31; *George Bullock*, 23 B.T.A. 710.

With respect to the deduction claimed on account of the loss on the sale of the shares of stock of the American Corporation, the respondent questions the bona fides of the alleged sale of the shares by the petitioner where the petitioner's wife on the same day reacquired from the same broker the same shares at the same price. The petitioner sought to prove that in so doing his wife acted independently and contrary to his advice, because of her own faith in the American Corporation and its president, and that there was no relationship between his sale of the stock and her purchase of it. It seems to us that other elements of the transaction weigh against this contention. The petitioner's wife did not have the necessary funds to purchase the shares of stock. The petitioner gave her a check for the exact amount as soon as the bill was presented by the brokers. In *Lulu Tirrill Coombs*, 30 B.T.A. 35, we held that where the taxpayer offered through a securities auctioneer to dispose of certain stock which was purchased by a partnership of which her husband was a member, and immediately thereafter the amount paid to the auctioneer by the partnership as purchase price, less commissions, was deposited by the taxpayer to her account with the partnership, and a few months later the taxpayer reacquired the same number of shares from the partnership, the transaction did not constitute an actual sale resulting in a deductible loss, it not appearing that there was a mutual intention to transfer absolute ownership. Also, in *Joseph Blumenthal*, 30 B.T.A. 125, where a taxpayer instructed his broker to sell certain shares of stock and at the same time instructed the broker to purchase the same shares in the name of the taxpayer's wife, and instructed his bank to charge the purchase price to an account opened for that purpose in his wife's name with a check on his

own account, we held that the transaction did not constitute an actual sale resulting in a deductible loss to the taxpayer. See also *Luella Hoyt Slayton*, 29 B.T.A. 931, and *W. E. Brochon*, 30 B.T.A. 404. We are of the opinion that the facts in this proceeding bring the issue within the rule of the cases cited. The reasons for denying deductions for claimed losses in circumstances similar to those in the instant case were fully discussed in those cases. We hold accordingly that the petitioner did not sustain a deductible loss as alleged upon the sale of the shares of stock of the American Corporation.

*Judgment will be entered for the respondent.*

