Wareham C. Seaman and Jane R. Seaman v. Commissioner.
Seaman v. Commissioner
Docket No. 53103.
United States Tax Court
T.C. Memo 1955-292; 1955 Tax Ct. Memo LEXIS 45; 14 T.C.M. (CCH) 1123; T.C.M. (RIA) 55292; October 28, 1955
*45 Issue 1: Upon the evidence, it is held, that petitioner has failed to establish that ownership of an interest in certain rental property passed from petitioner to his parents, or to either one of them, and, therefore, the rental income from the property is taxable to petitioner. Petitioner assigned income only to his parents. Issue 2: Upon the evidence, it is held, (1) that petitioner did not purchase residential property, in which he and his family lived for a period of time, in a transaction entered into for profit; and (2) that petitioner did not convert the property from residential property into property held for the production of income merely by listing it for rent with real estate agents. Therefore, petitioner is not entitled to deductions for depreciation, for certain expenses, and for loss sustained upon the sale of the property in the taxable year. Phipps v. Helvering, 124 Fed. (2d) 292; Allen L. Grammer, 12 T.C. 34. Wareham C. Seaman, 1326 Magnolia Street, Stockton, Calif., pro se. T. M. Mather, Esq., for the respondent. HARRON Memorandum Findings of Fact and Opinion HARRON, Judge: The respondent determined a deficiency in income tax for the taxable year 1950 in the amount of $579.08. The questions to be decided are as follows: (1) Whether rents from filling station property are taxable to petitioner. (2) *47 Whether improved residential real estate located in Los Angeles was purchased and predominantly held for the purpose of sale, or was converted into property held primarily for the production of income. Petitioner took deductions for depreciation, expenses, and loss from the sale of the property which respondent disallowed. Findings of Fact Petitioners are residents of Stockton, California. They filed a joint return for 1950 with the collector for the first district of California. Since the questions to be decided relate only to the petitioner, Wareham C. Seaman, he is referred to hereinafter as the petitioner. In the taxable year 1950, the petitioner was engaged in the practice of law in Stockton. In the return for the taxable year, petitioner reported as his chief income, the income from his professional activities. The petitioner was married and has three children. Issue 1: Since 1935, petitioner has owned four lots in Escalon, California. At some time after 1935, he constructed an automobile service station on the property at a cost of about $6,000. The construction was financed by an F.H.A. loan. Prior to 1948, Time Oil Company leased the property from petitioner under *48 a 5-year lease. The lease provided for minimum rent of $75 per month. Rent was to be paid on the basis of one and one-half cents for each gallon of gasoline sold. The lease expired in 1948, and thereafter the tenant occupied the property on a month-to-month basis. The rent which was paid by the tenant in 1950 amounted to $839.51. The petitioner did not report the rent in his return for 1950. It was reported by his parents in their return. The respondent included the rent in petitioner's income. He gave the following reason for his determination: "* * * Since no evidence was submitted to substantiate the fact that you divested yourself of the title, dominion and control of the filling station property, it is held that the rental income is properly taxable to you and not to your father who previously reported income on the basis of a gift lease. * * *" In 1950 the petitioner was the owner of the property. He made a gift of the rental receipts, only, to his father. Issue 2: In 1947 the petitioner was transferred to California from Washington, D.C., by his employer, the Bureau of Internal Revenue. Later that year petitioner left the Bureau of Internal Revenue, was employed by a *49 law firm in Los Angeles, and at some time took the California bar examination. Pending his preparation for and passing the California bar examination, petitioner's family resided in Modesto, California, with his wife's parents. When petitioner was notified in late 1947 that he had not passed the examination, he decided to prepare to take the bar examination again. He also decided to move his family to Los Angeles. In the early part of 1948, residential rents were high in los Angeles. Petitioner decided to purchase a residence rather than to rent one. At some time in 1948 he purchased a house in Los Angeles, and he lived there with his family continuously until August of 1949. In May 1949, petitioner was notified that he had passed the California bar examination. In August he moved his family from Los Angeles to Stockton, California. From August 1949 until April 1950, the Los Angeles property was vacant, even though it was listed for rent with real estate agents. Petitioner sold the property in 1950 at a loss of $1,895.68. Petitioner deducted $132.14 for depreciation and $384.49 for other expenses relating to this property in his return for 1950, as well as the loss of $1,895.68. *50 The Commissioner disallowed the deductions for depreciation, for other expenses, and for the loss. The deficiency notice contains the following explanation for respondent's action: "* * * Loss reported included expenses and depreciation on your former home. Since it is held that the residence was not converted into rental property the loss has been disallowed. "* * * From the information presented, it has been determined that the loss incident to the sale of your home in Los Angeles does not qualify under the Internal Revenue Code as a loss on the sale of property appropriated for income producing and business use. Your income is therefore increased by $1,895.68 representing the disallowance of the loss claimed." Opinion Issue 1: The first question is whether the rent received from the tenant of the service station is taxable to petitioner. The petitioner contends that his parents had a property interest of some sort which brings the question under Blair v. Commissioner, 300 U.S. 5 and, consequently, the 1950 rent is taxable to his parents. The evidence, which consists solely of petitioner's testimony, is limited to the petitioner's statements that since 1948, *51 the income from the property has been reported by his father, and that the petitioner notified the tenant, who occupied the property on a month-to-month basis, to pay the rent to his father. The petitioner testified that he made a "gift" to his father. The basic question is what did petitioner give to his father? The petitioner concedes that he owned the property in question in 1950; that he paid the taxes; and that he deducted the depreciation in his return. The respondent argues that the evidence shows only that there was an oral agreement whereby petitioner's father was permitted to collect and retain the rent. We must agree with the respondent. It is held that the rental income is taxable to petitioner. The owner of property cannot escape taxation on rent derived from the property by a gift or assignment of the rent to another. Helvering v. Horst, 311 U.S. 112; Arthur T. Galt, 19 T.C. 892, affd. on this issue, 216 Fed. (2d) 41, certiorari denied, 348 U.S. 951. Issue 2: Petitioner contends that, on the sale of the Los Angeles real property formerly occupied as a residence, he sustained a loss which is deductible under *52 section 23(e)(1) or (2) of the Internal Revenue Code of 1939. Petitioner's first position is that this property was purchased by him in 1948 with the intention of selling it after he passed the California bar examination, and that, therefore, the loss sustained upon sale was a loss sustained in a transaction entered into for profit within the scope of section 23(e)(2) of the 1939 Code. The respondent contends that the property was acquired for predominantly residential purposes, and that the loss upon sale is, consequently, a nondeductible personal loss. The material evidence under this issue is set forth in the findings. The petitioner has not introduced proof that the predominant purpose in acquiring and holding the property was for sale at a profit and that his use of the property as a residence was merely incidental. Where property is occupied by the purchaser as his residence during the whole or the greater part of the ownership, a strong presumption is raised that the property was purchased for residential purposes. "To successfully rebut that presumption, the evidence must be clear and convincing." Gilbert Wilkes, 17 T.C. 865, 869; W. H. Moses, 21 B.T.A. 226. *53 The next question is whether the petitioner converted the property to an incomeproducing purpose prior to its sale in May of 1950. If the property was not so converted, no loss from the sale is deductible under section 23(e)(1) of the 1939 Code. See Regulations 111, section 29.23(e)-1. This Court has held that the "exclusive" listing of a taxpayer's former residence with real estate brokers for rent or sale is not such an appropriation to business use as to justify a deduction for any loss on subsequent sales as the result of a "transaction entered into for profit" under section 23(e)(2) of the Internal Revenue Code. Allen L. Grammer, 12 T.C. 34; Morgan v. Commissioner, 76 Fed. (2d) 390, certiorari denied, 296 U.S. 601; Phipps v. Helvering, 124 Fed. (2d) 292. The loss claimed is not deductible for another reason. There is no evidence of the fair market value of the property when it was abandoned as the personal residence of the petitioners. It has long been settled that in the case of a residence converted to business use, its basis, for income tax purposes, is its value at the time it was appropriated to income-producing purposes. *54 Heiner v. Tindle, 276 U.S. 582; sec. 29.23(e)-1, Regulations 111. Any loss on the sale of petitioner's residence is a personal loss. John Randolph Hopkins, 15 T.C. 160. Deductions of a personal nature are denied by section 24, of the 1939 Code. Only by an actual and irrevocable conversion from personal to business use can the effect of this doctrine be avoided. Heiner v. Tindle, supra. It is abundantly clear that prior to the sale the property was not employed in any profit-engendered transaction. Warren Leslie, Sr., 6 T.C. 488. Under this issue the respondent's determinations are sustained. Decision will be entered for the respondent.